UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, SR., | No. 2:16-cv-1695-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CDC MEDICAL STAFF, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, two motions to amend, and a "motion for court order to improve ad seg conditions."[2]

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

1

1   21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here,

2   plaintiff moved to amend his complaint before any responsive pleading or motion was served.

3   Thus, plaintiff may amend his complaint "once as a matter of course," without the court's leave.

4   Plaintiff's motions to amend are therefore denied as unnecessary.

5   Plaintiff may not, however, amend his complaint in a piecemeal fashion by filing separate

6   documents that are intended to be read together as a single complaint. If plaintiff wishes to add,

7   omit, or correct information in the operative complaint, he must file an amended complaint that is

8   complete within itself. This is because an amended complaint supersedes any earlier filed

9   complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves

10  any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the

11  "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'")

12  (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

13  Within thirty days from the date of this order, plaintiff may file an amended complaint.

14  The amended complaint must be complete in itself without reference to any earlier filed

15  complaint. E.D. Cal. L.R. 220. That is, plaintiff must file a single amended complaint that

16  includes all information relevant to his claim(s).

17  Plaintiff is instructed that filing an amended complaint should not require extensive

18  research. An amended complaint should not include legal citations and need not contain

19  unnecessarily detailed factual allegations. In addition, plaintiff is warned that the court is not a

20  repository for his evidence and he shall not file documentary evidence in support of his claims

21  unless it is necessary for the resolution of a motion.

22  Plaintiff also seeks injunctive relief through his "motion for court order to improve ad seg

23  conditions." However, he fails to meet the minimum threshold for merit to satisfy the standard

24  for a preliminary injunction.[3] At an irreducible minimum, he must demonstrate that there is at

---

25  [3] A preliminary injunction represents the exercise of a far reaching power not to be
26  indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). The moving party must prove that he is likely to succeed on the merits, that
27  he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*,
28  586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ––– U.S. –––

least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982).  Until plaintiff files an amended complaint in accordance with this order, there is no operative complaint and no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's request to proceed in forma pauperis is granted.

        2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

        3. Plaintiff's motions to amend (ECF Nos. 6 & 10) are denied as unnecessary.

        4. Plaintiff may file an amended complaint within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

        5. Plaintiff's "motion for court order to improve ad seg conditions" (ECF No. 14) is denied.

Dated: February 6, 2017.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

---

—, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).