UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY DEERE, SR.,<br><br>Plaintiff,<br><br>v.<br><br>CDC MEDICAL STAFF, et al.,<br><br>Defendants. | No. 2:16-cv-1695-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On February 16, 2018, defendants filed a motion to revoke plaintiff's in forma pauperis status. ECF No. 33. In response, plaintiff filed a statement that he did not contest the motion and did not oppose dismissal of his case without prejudice. ECF No. 36. That filing was construed as a notice of voluntary dismissal. Pursuant to the notice, the case was closed. ECF No. 37. Plaintiff now seeks "to Reinstate IFP Status and Continue Civil Action," which the court construes as both a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and an opposition to defendants' motion to revoke plaintiff's in forma pauperis status. ECF No. 38. For the reasons stated below, the court recommends that plaintiff's Rule 60(b) motion be granted and that defendants' motion to revoke plaintiff's in forma pauperis status also be granted.

1

A voluntary dismissal is a judgment, order, or proceeding from which Rule 60(b) relief can be granted. *In re Hunter*, 66 F.3d 1002, 1004 (9th Cir. 1995). Under Rule 60(b) a court may relieve a party from a final judgment or order if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Here, plaintiff asserts that he did not contest defendants' motion or the dismissal of this case because he believed that an attorney would be subsequently filing a new complaint on his behalf. *See* ECF No. 38 at 1-2 & 8 (Ex. 2); ECF No. 39. However, after this case was closed, the attorney encouraged plaintiff to join a pending class action, and declined to file a new action on plaintiff's behalf. ECF No. 38 at 10, Ex. 3. Given these circumstances, and according plaintiff some lenity in light of his incarceration and pro se statute, the court finds that plaintiff's dismissal of this case was a mistake. Accordingly, it is recommended that plaintiff's unopposed motion to reopen this case be granted.

Defendants contend that plaintiff's in forma pauperis status should be revoked because he has three strikes within the meaning of 28 U.S.C. § 1915(g) and was not in imminent danger of serious physical injury at the time he commenced this action.[1] ECF No. 33. Plaintiff does not contest his status as a three-strikes litigant.[2] *See* ECF No. 38. Rather, he claims that § 1915(g)'s "imminent danger" exception applies to his case. *Id.* at 2. The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's allegations provide no such indication. His original complaint,

---

[1] Under 28 U.S.C. § 1915(g), a prisoner may not proceed in forma pauperis if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[2] Plaintiff was previously designated a three-strikes litigant in *Deere v. Estock*, 3:13-cv-01344-JLS-NLS (S.D. Cal. Sept. 20, 2013).

filed June 16, 2016, sought damages on the grounds that he was permanently impaired because the California Department of Corrections and Rehabilitation had previously denied him Hepatitis C treatment, which had allowed his disease to progress. ECF No. 1 at 2-3. At the time plaintiff filed the complaint, however, treatment for his disease was allegedly underway. *Id.* at 3. In light of the foregoing, plaintiff's in forma pauperis status must be revoked and he should be required to submit the appropriate filing fee in order to proceed with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Motion to Reinstate IFP Status and Continue Civil Action," (ECF No. 38) be construed as both a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and an opposition to defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 33);

2. Plaintiff's Rule 60(b) motion (ECF No. 38) be granted; and

3. Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 33) be granted to the extent that plaintiff's in forma pauperis status be revoked and plaintiff be required to pay the $400 filing fee within fourteen days from the date of any order adopting these findings and recommendations and be warned that failure to do so will result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 19, 2019.

                     EDMUND F. BRENNAN
                     UNITED STATES MAGISTRATE JUDGE